1  STEVEN A. MARENBERG (#101033)
   stevenmarenberg@paulhastings.com
2  PAUL HASTINGS LLP
   1999 Avenue of the Stars, 27th Floor
3  Los Angeles, CA 90067
   Telephone: (310) 620-5710
4
   RYAN P. PHAIR (*admitted pro hac vice*)
5  ryanphair@paulhastings.com
   PAUL HASTINGS LLP
6  2050 M. Street NW
   Washington, DC 20036
7  Telephone: (202) 551-1751
8  Attorneys for Defendant
   UBISOFT ENTERTAINMENT S.A.
9

10              UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA

12

13

14  MATTHEW CASSELL and ALAN LIU,        CASE NO. 2:24-cv-03058-DAD-CSK
    individually and on behalf of all others
15  similarly situated,                   **DEFENDANT UBISOFT**
                                          **ENTERTAINMENT S.A.'S**
16              Plaintiffs,               **MOTION TO DISMISS**

17       v.                              Judge:      Hon. Dale A. Drozd
                                         Date:       June 17, 2025
18  UBISOFT ENTERTAINMENT S.A. and       Time:       1:30 p.m.
    UBISOFT, INC.                         Courtroom:  4, 15th Floor
19
                Defendants.              Action Filed:   November 4, 2024
20
                                         JURY TRIAL DEMANDED
21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on Tuesday, June 17, 2025, at 1:30 p.m., in the above-captioned Court, at Courtroom 4 on the 15th Floor of the Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, California, 95814, Defendant Ubisoft Entertainment S.A. will and hereby does move the Court for an order dismissing Plaintiffs' Complaint (ECF No. 1) in its entirety with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, any matters of which the Court may take judicial notice, any other matter that the Court may properly consider, and such evidence and argument as may be presented at or before the hearing on this Motion.

This Motion is made following conference of counsel pursuant to Your Honor's Standing Order in Civil Cases. Specifically, the parties conferred on February 25, 2025, to discuss the substance of this Motion and any resolution. Having been unable to reach agreement on substantive matters, Defendant Ubisoft Entertainment S.A. hereby files this Notice of Motion and Motion along with the accompanying Memorandum of Points and Authorities.

DATED: February 25, 2025                    Respectfully submitted,


                                            By:  */s/ Steven A. Marenberg*

                                            STEVEN A. MARENBERG

                                            Attorney for Defendant

                                            UBISOFT ENTERTAINMENT S.A.

- 1 -

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**             **Page(s)**

3

4

*Andrew v. United States*
No. 1:22-cv-01290, 2024 WL 3363162 (E.D. Cal. July 8, 2024)..............................................7

5

*Amarte USA Hldgs., Inc. v. Kendo Hldgs. Inc.*
No. 22-cv-8958, 2023 WL 5418732 (N.D. Cal. Aug. 21, 2023) ................................................4

6

7

*Arnold v. Royal Bank of Can. Tr. Co.*
No. 13-cv-3171, 2014 WL 1871728 (S.D. Cal. May 8, 2014)....................................................8

8

9

*Beco Dairy Automation, Inc. v. Glob. Tech. Sys., Inc.*
No. 12-cv-1310, 2016 WL 783058 (E.D. Cal. Feb. 29, 2016)...................................................4

10

*Benson v. 750 Pine Mgmt.*
No. 18-cv-9199, 2019 WL 6655386 (C.D. Cal. May 23, 2019) ...........................................7, 8

11

12

*Boschetto v. Hansing*
539 F.3d 1011 (9th Cir. 2008).....................................................................................................3

13

14

*Brockmeyer v. May*
383 F.3d 798 (9th Cir. 2004).................................................................................................6, 8

15

*Burda Media, Inc. v. Viertel*
417 F.3d 292 (2d Cir. 2005).......................................................................................................7

16

17

*In re Cal. Gasoline Spot Mkt. Antitrust Litig.*
No. 20-cv-03131, 2021 WL 4461199 (N.D. Cal. Sept. 29, 2021) .............................................6

18

19

*CAO Lighting, Inc. v. Signify N.V.*
628 F. Supp. 3d 996 (C.D. Cal. 2022).......................................................................................4

20

*Corcoran v. CVS Health Corp.*
169 F. Supp. 3d 970 (N.D. Cal. 2016) .......................................................................................5

21

22

*Cranford v. United States*
359 F. Supp. 2d 981 (E.D. Cal. 2005)........................................................................................6

23

24

*Daimler AG v. Bauman*
571 U.S. 117 (2014)....................................................................................................................2

25

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*
840 F.2d 685 (9th Cir. 1988)......................................................................................................6

26

27

*Doe v. Wyndham Hotels & Resorts*
No. 23-cv-1676, 2025 WL 85831 (E.D. Cal. Jan. 7, 2025) .......................................................7

28

DEFENDANT UBISOFT ENTERTAINMENT
S.A.'S MOTION TO DISMISS          CASE NO. 2:24-cv-03058-DAD-CSK

*Dutrisac v. STMicroelecs., Inc.*
No. 23-cv-6639, 2024 WL 3646949 (N.D. Cal. Aug. 2, 2024) ........................... 8, 9

*HCT Packaging Inc. v. TM Int'l Trading Ltd.*
No. 13-cv-8443, 2014 WL 12696776 (C.D. Cal. Mar. 10, 2014) ........................ 7

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*
485 F.3d 450 (9th Cir. 2007) ............................................................................. 3

*Jones v. James Trading Co. Ltd.*
No. 19-2674, 2019 WL 6354392 (C.D. Cal. July 3, 2019) ............................... 8, 9

*Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.*
No. 10-cv-7902, 2011 WL 940335 (C.D. Cal. Mar. 14, 2011) .......................... 3

*Mavrix Photo, Inc. v. Brand Techs., Inc.*
647 F.3d 1218 (9th Cir. 2011) ........................................................................... 2

*NuCal Foods, Inc. v. Quality Egg LLC*
887 F. Supp. 2d 977 (E.D. Cal. 2012) ......................................................... 3, 4, 5

*Ranza v. Nike, Inc.*
793 F.3d 1059 (9th Cir. 2015) ........................................................................... 4

*Salas v. Facultatieve Techs. the Ams., Inc.*
No. 17-cv-335, 2017 WL 4844366 (E.D. Cal. Oct. 26, 2017) .......................... 3

*Schwarzenegger v. Fred Martin Motor Co.*
374 F.3d 797 (9th Cir. 2004) ............................................................................. 3

*In re Takata Airbag Prods. Liab. Litig.*
396 F. Supp. 3d 1101 (S.D. Fla. 2019) ............................................................. 4

*Thomas v. Takeda Pharms. USA, Inc.*
No. 1:16-cv-1566, 2017 WL 2214956 (E.D. Cal. May 19, 2017) ................... 7, 8, 9

*U.S. ex rel. Miller v. Pub. Warehousing Co. KSC*
636 F. App'x 947 (9th Cir. 2016) ...................................................................... 8

*Volkswagenwerk Aktiengesellschaft v. Schlunk*
486 U.S. 694 (1988) ........................................................................................... 7

*Wolf Run Hollow, LLC v. Nat'l Car Rental Sys., Inc.*
No. 12-cv-6926, 2012 WL 12882660 (C.D. Cal. Dec. 18, 2012) ..................... 4

*Woolfson v. Conn. Appliances, Inc.*
No. 21-cv-07833, 2022 WL 888442 (N.D. Cal. Mar. 25, 2022) ....................... 2

*Williams v. Yamaha Motor Co.*
851 F.3d 1015 (9th Cir. 2017) ........................................................................... 6

- ii -

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*
    601 F. Supp. 3d 625 (C.D. Cal. 2022)..................................................................... 6

**Rules**

Fed. R. Civ. P. 4 ........................................................................................ 6, 7, 8

Fed. R. Civ. P. 5 ................................................................................................ 7

Fed. R. Civ. P. 12 .................................................................................*passim*

**Statutes**

Cal. Civ. Proc. Code § 416.10(b) .................................................................... 8

**Other Authorities**

Convention on the Service Abroad of Judicial and Extrajudicial
    Documents in Civil or Commercial Matters
    Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ................................... 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

Other than listing Ubisoft Entertainment S.A.'s ("Ubisoft S.A.") name in the case caption and collectively referring to Ubisoft S.A. together with its U.S. subsidiary as "Ubisoft" throughout the Complaint, Plaintiffs offer scarce factual allegations to support including Ubisoft, Inc.'s French parent company in this litigation. In fact, the Complaint contains only *two* paragraphs specific to Ubisoft S.A., and only *one* paragraph describing its supposed connection to this forum. The allegations therein merely recite the legal requirements of specific personal jurisdiction, and state in entirely conclusory fashion that this Court has personal jurisdiction over Ubisoft S.A. because it "*engaged* with its subsidiary, Ubisoft, Inc., a California corporation, for the publishing of *The Crew*," the video game at issue in this lawsuit. ECF No. 1 ("Compl.") ¶ 14 (first emphasis added). These bare allegations are insufficient to establish personal jurisdiction.

Compounding the impropriety of haling Ubisoft S.A. into this Court is the fact that Plaintiffs made no attempt to properly effectuate service on Ubisoft S.A. Instead, Plaintiffs simply delivered a copy of the Complaint and Summons on an unknown individual at Ubisoft, Inc.'s headquarters in California. This is in direct contradiction of binding precedent requiring that service on Ubisoft S.A. be effectuated through the Hague Convention or as otherwise authorized by Federal Rule of Civil Procedure 4. Plaintiffs' failure to properly serve Ubisoft S.A. is grounds for dismissal under Federal Rule of Civil Procedure 12(b)(5).

Finally, should the Court disagree and find that it may exercise specific personal jurisdiction over Ubisoft S.A. and that Plaintiffs properly effectuated service, Plaintiffs' claims are nevertheless time-barred and subject to dismissal for lack of standing and for failing to plausibly allege any violation of law, as set forth in Ubisoft, Inc.'s Motion to Dismiss. *See* ECF No. 12. For these reasons, Ubisoft S.A. requests that Plaintiffs' claims be dismissed with prejudice.

**BACKGROUND**

This case concerns allegedly false statements made in connection with Plaintiffs' purchases of a video game called *The Crew* in 2018 and 2020. *See* Compl. ¶¶ 3-9. Defendant Ubisoft S.A. is a French corporation that is registered and headquartered in Saint Mande, France. *Id.* ¶ 10. It is the parent company of Defendant Ubisoft, Inc., a California company with its principal place of

business in San Francisco, California. *Id.* ¶ 11. Plaintiffs acknowledge that Ubisoft, Inc. "is the United States publisher of *The Crew*." *Id.* They allege, however, that Ubisoft S.A. also "publishes the Products" and is ultimately "responsible" for the Products' sales "online and through various U.S. retailers." *Id.* ¶ 10. Plaintiffs allege that this Court has "specific personal jurisdiction" over Ubisoft S.A. because it "engaged with its subsidiary, Ubisoft, Inc., a California corporation, for the publishing of *The Crew*." *Id.* ¶ 14.

Plaintiffs filed the Complaint on November 4, 2024, alleging statutory violations under California state law, as well as common law claims for fraud and breach of warranty. *See generally id.* ¶¶ 79-151. Over two months later, on January 6, 2025, Plaintiffs delivered to Ubisoft, Inc.'s San Francisco office a copy of the Complaint and a Summons naming both Ubisoft, Inc. and Ubisoft S.A. as defendants. Plaintiffs made no other attempt to serve process on Ubisoft S.A. Other than the two paragraphs mentioning Ubisoft S.A. described above, the Complaint is silent as to the relationship between Ubisoft, Inc. and Ubisoft S.A., and as to Plaintiffs' justifications for purporting to effectuate service on Ubisoft S.A. through its U.S. subsidiary.

## ARGUMENT

### I.    Plaintiffs Fail to Allege Facts Supporting the Exercise of Personal Jurisdiction Over Ubisoft, Inc.'s French Parent Company, Ubisoft S.A.

The Complaint alleges that Ubisoft S.A. is subject to specific personal jurisdiction, rather than general personal jurisdiction,[1] but fails to allege facts necessary to support the extension of specific jurisdiction to Ubisoft S.A. The exercise of specific jurisdiction is proper only where a plaintiff's claims "arise[] out of or relate[] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citation omitted). The Ninth Circuit imposes a "three

---

[1] The Complaint does not attempt to advance the theory that Ubisoft S.A. is subject to general personal jurisdiction. A corporation is subject to general jurisdiction in California only if it is incorporated or has its principal place of business in California, or if its contacts with California are so "exceptional" as to "approximate physical presence[.]" *Woolfson v. Conn. Appliances, Inc.*, No. 21-cv-07833, 2022 WL 888442, at *2 (N.D. Cal. Mar. 25, 2022). None of those bases applies here. Notably, the Complaint does not allege that Ubisoft S.A. has even basic contacts with this State, such as having "offices or staff in California," being "registered to do business in the state," having a "registered agent for service of process" in California, or paying "state [income] taxes" in California. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1225 (9th Cir. 2011) (finding no general jurisdiction over company lacking such contacts).

DEFENDANT UBISOFT ENTERTAINMENT
S.A.'S MOTION TO DISMISS

CASE NO. 2:24-cv-03058-DAD-CSK

1    part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is

2    appropriate: (1) the non-resident defendant must purposefully direct his activities or consummate

3    some transaction with the forum or resident thereof; or perform some act by which he purposefully

4    avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits

5    and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's

6    forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and

7    substantial justice[.]" *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Courts assessing

8    personal jurisdiction will "not consider merely conclusory claims, or legal conclusions in the

9    complaint as establishing jurisdiction." *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d

10   977, 988 (E.D. Cal. 2012) (citations omitted). "Where a defendant moves to dismiss a complaint

11   for lack of personal jurisdiction" under Rule 12(b)(2), "the plaintiff bears the burden of

12   demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374

13   F.3d 797, 800 (9th Cir. 2004) (citation omitted).

14          Two well-established principles of specific personal jurisdiction are implicated here. First,

15   the Ninth Circuit has made clear that the exercise of specific jurisdiction cannot be based solely on

16   "[t]he placement of a product into the stream of commerce[.]" *Holland Am. Line Inc. v. Wartsila*

17   *N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007); *see also id.* (explaining that "[e]ven a defendant's

18   awareness that the stream of commerce may or will sweep the product into the forum state does not

19   convert the mere act of placing the product into the stream of commerce into an act purposefully

20   directed toward the forum state[]"); *Kinetics Noise Control, Inc. v. ECORE Int'l, Inc.*, No. 10-cv-

21   7902, 2011 WL 940335, at *3 (C.D. Cal. Mar. 14, 2011) (explaining that "the contacts of a

22   subsidiary may not be attributed to its parent" merely by alleging that the parent's "products were

23   sold in California by way of the stream of commerce"). In fact, courts have found jurisdictional

24   allegations lacking even where, unlike here, a non-resident company is alleged to have participated

25   substantively in the chain of commerce. *See, e.g.*, *Salas v. Facultatieve Techs. the Ams., Inc.*, No.

26   17-cv-335, 2017 WL 4844366, at *7 (E.D. Cal. Oct. 26, 2017) (finding that foreign company's

27   involvement in instruction manuals and maintenance, systems engineering, and intellectual

28   property did not "satisf[y] the 'something more' required in a stream-of-commerce analysis[]" and

DEFENDANT UBISOFT ENTERTAINMENT                    CASE NO. 2:24-cv-03058-DAD-CSK
S.A.'S MOTION TO DISMISS

"cannot be read as an intentional effort to target California"); *Wolf Run Hollow, LLC v. Nat'l Car Rental Sys., Inc.*, No. 12-cv-6926, 2012 WL 12882660, at *3 (C.D. Cal. Dec. 18, 2012) (finding that allegations that foreign company "ships, distributes, offers for sale, sells and/or advertises . . . its products and services in California[]" were "simply too vague and conclusory to assure the Court that it may constitutionally exert personal jurisdiction over" the company); *see also In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1148-49 (S.D. Fla. 2019) (rejecting exercise of personal jurisdiction over foreign parent despite allegations that domestic subsidiary "engage[d] in business, including the advertising, marketing and sale" of the relevant products because such "generalized allegations are devoid of specificity").

Nor do courts in the Ninth Circuit allow the use of "group pleading" to impute the activities of corporate subsidiaries onto their parent companies. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) ("The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction.") (citation omitted); *NuCal Foods*, 887 F. Supp. 2d at 989 ("[M]ere ownership of the company that is subject to personal jurisdiction in the forum is insufficient to confer the court with personal jurisdiction[.]"). Instead, the parent company itself must have requisite contacts with the forum. *See, e.g.*, *Tercero v. Sacramento Logistics LLC*, No. 24-cv-953, 2024 WL 4884268, at *4 (E.D. Cal. Nov. 25, 2024) (dismissing non-resident parent where there were no allegations "suggesting [the subsidiary] acts on [the parent]'s behalf or is subject to [the parent]'s substantial control[]"); *CAO Lighting, Inc. v. Signify N.V.*, 628 F. Supp. 3d 996, 1002-03 (C.D. Cal. 2022) (dismissing non-resident parent where plaintiff merely alleged that parent "caused its subsidiaries to place the [] goods into the stream of commerce"); *Beco Dairy Automation, Inc. v. Glob. Tech. Sys., Inc.*, No. 12-cv-1310, 2016 WL 783058, at *6 (E.D. Cal. Feb. 29, 2016) (finding failure to allege non-resident parent's "in-state contacts (if any) [that] gave rise to [the] claims" or control over its subsidiary's activities in California). Relevant here, this means that jurisdiction over a non-resident parent cannot be based on its subsidiary's sale of products in the forum. *See Amarte USA Hldgs., Inc. v. Kendo Hldgs. Inc.*, No. 22-cv-8958, 2023 WL 5418732, at *2 (N.D. Cal. Aug. 21, 2023) (declining to exercise specific jurisdiction over parent where plaintiff "only

alleges, at best, that Defendants caused injury in California through the sales and marketing of their subsidiaries and not that the Parent Defendants themselves committed an intentional act . . . expressly aimed at the forum state") (internal quotation marks and citation omitted); *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 981 (N.D. Cal. 2016) (finding no specific jurisdiction over parent because the parent "is ostensibly a separate entity from" its subsidiary and explaining that "Plaintiffs' conclusory statements that [the parent] itself . . . purposefully directs its business activities, including the pricing and sale of [the products], to customers in California, alone cannot suffice") (internal quotation marks omitted).

Here, Plaintiffs offer no substantive allegations to support the extension of specific personal jurisdiction over Ubisoft S.A. Their allegations concerning personal jurisdiction are confined to a single paragraph of the Complaint that reads as follows:

> This Court has specific personal jurisdiction over Ubisoft Entertainment S.A. because it transacts substantial business in this District, has substantial aggregate contacts with this District, engaged in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout this District, and purposefully availed itself of the laws of the State of California in this District, because the acts and transactions giving rise to this action occurred in this District. Specifically, Ubisoft Entertainment S.A. engaged with its subsidiary Ubisoft, Inc., a California corporation, for the publishing of *The Crew*.

Compl. ¶ 14. As shown *supra* on p.3, the first sentence is merely a recitation of the legal elements necessary to establish specific jurisdiction in the Ninth Circuit. The Court need not accept these conclusory, bare legal allegations. *See NuCal Foods*, 887 F. Supp. 2d at 990 (dismissing defendants for lack of personal jurisdiction where plaintiff improperly "group[ed] [] defendants together . . . without describing how each defendant had any contact with the forum that promoted a business transaction to their benefit"). The second sentence provides no explanation or elaboration as to what Plaintiffs mean by saying that Ubisoft S.A. "engaged' with its subsidiary "for the publishing of *The Crew*." Compl. ¶ 14. And that is the Complaint's last mention of Ubisoft S.A.; Plaintiffs never allege that it played any role in the alleged conduct or transactions, other than having "engaged" with its subsidiary and ultimately being "responsible" for the products. *Id.* ¶¶ 11, 14. It is clear that Plaintiffs are improperly relying on group pleading, and that their flawed theory of specific personal jurisdiction is based *entirely* on Ubisoft S.A.'s status as Ubisoft, Inc.'s parent.

Plaintiffs also do not allege an agency relationship or otherwise include any facts about the nature of Ubisoft S.A.'s relationship with Ubisoft, Inc. that could support a finding that Ubisoft S.A. exercised any degree of control over Ubisoft Inc.'s relevant activities. Plaintiffs concede that *Ubisoft, Inc.* "is the United States publisher of *The Crew*," Compl. ¶ 11, and they make no attempt to allege that Ubisoft S.A. has "the right to substantially control" Ubisoft, Inc. in that regard. *Williams v. Yamaha Motor Co., Ltd.*, 851 F.3d 1015, 1025 (9th Cir. 2017). The Complaint does not explain how Ubisoft S.A. "engaged" with Ubisoft, Inc. to publish *The Crew*, but "engaged" cannot be conflated with an allegation that the former controls the latter. Nothing in the Complaint plausibly suggests that Ubisoft S.A. provides anything more than "normal oversight of a parent over a subsidiary rather than control." *In re Cal. Gasoline Spot Mkt. Antitrust Litig.*, No. 20-cv-03131, 2021 WL 4461199, at *2 (N.D. Cal. Sept. 29, 2021) (granting motion to dismiss for lack of personal jurisdiction where parent engaged in "close monitoring" but did not exercise control); *see also supra* pp.4-5; *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 701 (C.D. Cal. 2022) (declining to exercise personal jurisdiction over parent company that simply oversaw and monitored subsidiary). Plaintiffs fail to plausibly allege Ubisoft S.A.'s connections with this forum, and as such their claims against Ubisoft S.A. must be dismissed.

## II.    Plaintiffs' Attempt to Serve Process on Ubisoft S.A. Through its U.S. Subsidiary Was Not Authorized by the Hague Convention or Federal Rule of Civil Procedure 4.

Setting aside Plaintiffs' flawed theories of specific personal jurisdiction, Ubisoft S.A. should also be dismissed for improper service of process. A "federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(5) accordingly "permits a defendant to challenge the method of service attempted by the plaintiff." *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted).  Plaintiffs cannot meet

1  that burden here, where they opted simply to leave the Complaint and a Summons naming Ubisoft

2  S.A. with an unidentified individual at Ubisoft, Inc.'s San Francisco, California, office.[2]

3        Federal Rule of Civil Procedure 4(h)(2) requires that a foreign corporation be served, if

4  outside the judicial districts of the United States, in accordance with Rule 4(f). Under Rule 4(f),

5  service on a foreign corporation outside the United States can be effectuated "by any internationally

6  agreed means of service that is reasonably calculated to give notice, such as those authorized by

7  the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *See*

8  *generally* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

9  Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention"). In

10 fact, it is "mandatory to apply the Hague Convention when both countries are signatories to the

11 Convention." *HCT Packaging Inc. v. TM Int'l Trading Ltd.*, No. 13-cv-8443, 2014 WL 12696776,

12 at *6 (C.D. Cal. Mar. 10, 2014) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S.

13 694, 699 (1988)); *see also Benson v. 750 Pine Mgmt.*, No. 18-cv-9199, 2019 WL 6655386, at *1

14 (C.D. Cal. May 23, 2019) (quoting *Schlunk*, 486 U.S. at 706) ("As both [countries] are signatories

15 to the Hague Convention, it provides 'the exclusive means for service of process.'").

16        Here, "both the United States and France are signatories to the Hague Convention, and thus

17 service of process on a defendant in France is governed by the Hague Convention." *Burda Media,*

18 *Inc. v. Viertel*, 417 F.3d 292, 299-300 (2d Cir. 2005). Yet Plaintiffs made no attempt to follow the

19 "three principal forms of service" permitted thereunder: "(a) through the receiving country's central

20 authority; (2) through various alternative methods like consular channels, service on judicial

21

---

22 [2] As of the date of this filing, Plaintiffs have not filed a proof of service on the docket, or otherwise
   provided Ubisoft S.A. with a means of assessing the exact details of their attempted service. Under
23 Federal Rule of Civil Procedure 4(l)(1), "unless service is waived, proof of service must be made
   to the court." *Doe v. Wyndham Hotels & Resorts*, No. 23-cv-1676, 2025 WL 85831, at *1 n.1 (E.D.
24 Cal. Jan. 7, 2025); *see also Andrew v. United States*, No. 1:22-cv-01290, 2024 WL 3363162, at *2
   (E.D. Cal. July 8, 2024) ("Local Rule 135, consistent with Rule 5 of the Federal Rules of Civil
25 Procedure, requires a proof of service be submitted when serving 'any pleading, notice, motion, or
   other document.'"); *Thomas v. Takeda Pharms. USA, Inc.*, No. 1:16-cv-1566, 2017 WL 2214956,
26 at *3 (E.D. Cal. May 19, 2017) (holding that, where plaintiff failed to file a proof of service as to a
   foreign parent, "[d]elivering one summons and complaint to a subsidiary—here, purportedly
27 TDCA—is not sufficient as to [the foreign parent], even if the summons delivered to TDCA also
   listed [the foreign parent]; the proof of service is deficient as to [the foreign parent]").
28

DEFENDANT UBISOFT ENTERTAINMENT                    CASE NO. 2:24-cv-03058-DAD-CSK
S.A.'S MOTION TO DISMISS

officers, or service through 'postal channels,' so long as the receiving country has not objected to such methods; and (3) through methods to which the receiving country has affirmatively agreed or authorized." *Dutrisac v. STMicroelecs., Inc.*, No. 23-cv-6639, 2024 WL 3646949, at *8 (N.D. Cal. Aug. 2, 2024) (citation omitted). Instead, Plaintiffs attempted to serve Ubisoft S.A. at Ubisoft, Inc.'s California headquarters, thus failing to effectuate service under Rule 4(f). *See, e.g.*, *id.* (service on U.S.-based subsidiary was not a "form[] provided for under the Hague Convention"); *Arnold v. Royal Bank of Can. Tr. Co.*, No. 13-cv-3171, 2014 WL 1871728, at *2 (S.D. Cal. May 8, 2014) (rejecting plaintiff's argument "that service upon a parent corporation excuses the requirement to effect service upon a subsidiary under the Hague Convention[]"); *see also Brockmeyer*, 383 F.3d at 806 (denying motion for default judgment in part because plaintiff failed to serve motion in compliance with Hague Convention); *Benson*, 2019 WL 6655386, at *1-2 (dismissing complaint for failing to effectuate service on foreign defendant through Hague Convention).

Nor have Plaintiffs provided any justification as to why service of process on an unnamed employee of Ubisoft, Inc. was sufficient to effectuate service on Ubisoft S.A. Consistent with California state law, federal courts in California recognize that service on a foreign company can be effectuated in the United States by delivering process to a U.S.-based "general manager" of the company. *See Thomas*, 2017 WL 2214956, at *3 (citing Cal. Civ. Proc. Code § 416.10(b)). A foreign company's "general manager" can include a corporate subsidiary, but only if "there [i]s evidence of a sufficiently close connection between the subsidiary and the parent corporation." *Id.* at *4 (citing *U.S. ex rel. Miller v. Pub. Warehousing Co. KSC*, 636 F. App'x 947, 949 (9th Cir. 2016)). Evidence of a "sufficiently close connection" to render a corporate subsidiary a "general manager" includes factors such as "the frequency and quality of the contact between the parent and subsidiary, the benefits in California the parent derives from the subsidiary, and the overall likelihood that service upon the subsidiary will provide actual notice to the parent." *Id.* at *2 (*see also Jones v. James Trading Co. Ltd.*, No. 19-2674, 2019 WL 6354392, at *5 (C.D. Cal. July 3, 2019) (noting that "general manager" status depends on whether the parent-subsidiary relationship is sufficiently "intimate," "connected," and "interrelated").

DEFENDANT UBISOFT ENTERTAINMENT
S.A.'S MOTION TO DISMISS

CASE NO. 2:24-cv-03058-DAD-CSK

The Complaint is devoid of any allegations that could support the conclusion that Ubisoft, Inc. serves as a "general manager" of Ubisoft S.A. Its only two mentions of Ubisoft S.A., *see* Compl. ¶¶ 10, 14, provide no information about the French parent company's relationship with Ubisoft, Inc., as required to show the requisite "sufficiently close connection." *See, e.g.*, *Dutrisac*, 2024 WL 3646949, at *9 (finding failure to establish U.S. subsidiary's "general manager" status where evidence did not describe "frequency and quality" of the entities' interactions or the "benefits in California" derived from the relationship); *Jones*, 2019 WL 6354392, at *5 (subsidiary's status as the distributor of foreign parent's products in the U.S. was insufficient to establish a sufficiently "intimate," "connected," or "interrelated" relationship); *Thomas*, 2017 WL 2214956, at *5 (finding that evidence and allegations invoked by plaintiffs merely supported the argument that "*any* large subsidiary would be considered a 'general manager of its parent'"). Plaintiffs' attempted service on Ubisoft S.A. through its domestic subsidiary was improper, providing an additional independent basis for this Court to dismiss Ubisoft S.A. from this action.

### III.    The Complaint Should Be Dismissed Because Plaintiffs' Claims Are Time-Barred, and Plaintiffs Fail to Establish Standing and to State a Plausible Claim for Relief.

In addition to Plaintiffs' failure to allege facts sufficient for the Court to exercise personal jurisdiction over Ubisoft S.A. and to properly effectuate service on Ubisoft S.A., Plaintiffs' claims are also subject to dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). To the extent the Court does not find that dismissal is warranted under Federal Rules of Civil Procedure 12(b)(2) or 12(b)(5), Ubisoft S.A. hereby incorporates the arguments set forth in Defendant Ubisoft, Inc.'s contemporaneously filed Motion to Dismiss—namely, that Plaintiffs' claims are time-barred, that Plaintiffs have failed to establish standing under Rule 12(b)(1), and that Plaintiffs have failed to state any plausible claim upon which relief can be granted under Rule 12(b)(6).

1

## **CONCLUSION**

2      Plaintiffs have not alleged facts sufficient to make the exercise of personal jurisdiction over

3  Ubisoft S.A. proper, nor have they properly served Ubisoft S.A. In the alternative, as set forth in

4  the accompanying Motion to Dismiss filed by Ubisoft, Inc., Plaintiffs also filed their lawsuit beyond

5  the applicable limitations periods and have failed to plausibly allege their own standing and that

6  the elements of their claims are met. Plaintiffs' Complaint should be dismissed in its entirety with

7  prejudice, or at a minimum Ubisoft S.A. should be dismissed from this action.

8

9  DATED:  February 25, 2025                    Respectfully submitted,

10

11                                             By:  */s/ Steven A. Marenberg*

12                                                STEVEN A. MARENBERG

13
                                                Attorney for Defendant
14                                              UBISOFT ENTERTAINMENT S.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT UBISOFT ENTERTAINMENT                    CASE NO. 2:24-cv-03058-DAD-CSK
S.A.'S MOTION TO DISMISS